No. 91-375

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

DOROTHY HOYT, SANDRA R. KNOCHENMUS,
LYNN A. NIXON, and LEA S. HOYT,

Plaintiffs, Respondents and
Cross-Appellants,

-vs-

SHERIDAN L. ERICKSON, personally, as
agent for the Marilyn P. Erickson Revocable
Trust; MARILYN P. ERICKSON, Personally and as
Trustee for the Marilyn P. Erickson Revocable
Trust; MARILYN P. ERICKSON REVOCABLE TRUST;
DeSHAZER RYAN REALTY; DEBRA DeSHAZER, Broker;
and IDA WILSON, Sales agent for DeShazer Ryan Realty,

Defendants and Appellants.

APPEAL FROM: District Court of the Nineteenth Judicial District,
In and for the County of Lincoln,
The Honorable Robert S. Keller, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Gary Kalkstein; Quane, Smith, Howard & Hull,
Missoula, Montana

For Respondent:

Ann C. German, Libby, Montana

FILED

MAY 5 - 1992

Filed *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: March 5, 1992

Decided: May 5, 1992

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiffs, Dorothy A. Hoyt, Sandra R. Knochenmus, Lynn A. Nixon and Lea S. Hoyt (Hoyts), brought suit against the above-named defendants in the Nineteenth Judicial District Court, Lincoln County, for their conduct in connection with a certain buy/sell agreement. As a result of settlement, the plaintiffs proceeded to trial against DeShazer Ryan Realty and Debra DeShazer (DeShazer Realty). A jury found against DeShazer Realty on the issue of fraud and awarded Hoyts $350 in damages. The District Court granted plaintiffs' motion for a new trial on compensatory damages, but denied a new trial on emotional distress and punitive damages. DeShazer appeals, Hoyts cross-appeal. We affirm.

The issues raised for review on appeal are combined and restated as follows:

Did the District Court abuse its discretion in granting Hoyts a new trial with respect to compensatory damages, and denying a new trial on the issues of punitive and emotional distress damages?

In March 1990, the Hoyts entered into a buy/sell agreement to purchase a cabin and lake front property from the Ericksons. After Sheridan L. Erickson signed the agreement, the sellers attempted to change the terms of the contract. Hoyts filed suit against the sellers and their realtor, DeShazer Realty. Ericksons settled prior to trial.

At trial, the jury entered a judgment against DeShazer Realty and awarded Hoyts $350 in compensatory damages. Hoyts moved for a

2

new trial claiming the jury's award of compensatory damages was inadequate as a matter of law, that the jury failed to find that the Hoyts were entitled to punitive damages, and that the District Court erred in withdrawing the issue of emotional distress damages from the jury. The District Court granted plaintiffs' motion for a new trial with respect to compensatory damages only. DeShazer Realty appeals this ruling granting a new trial on compensatory damages. Hoyts cross-appeal the court's denial of a new trial on the other issues of damages.

Did the District Court abuse its discretion in granting Hoyts a new trial with respect to compensatory damages, and denying a new trial on the issues of punitive and emotional distress damages?

The decision to grant a new trial is within the sound discretion of the trial judge and will not be overturned absent a manifest abuse of discretion. Whiting v. State (1991), 248 Mont. 207, 218, 810 P.2d 1177, 1184. Neither DeShazer Realty nor Hoyts present sufficient evidence to prove a manifest abuse of discretion by the District Court.

We hold the District Court did not abuse its discretion in granting a new trial on compensatory damages and denying the Hoyts' motion with respect to punitive and emotional distress damages. Affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited a s precedent and shall be published by its filing as a public

document with the Clerk of this Court and by a report of its result to the West Publishing Company.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

4

May 5, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Ann C. German
Attorney at Law
P.O. Box 1530
Libby, MT 59923

Gary Kalkstein, Esq.
QUANE, SMITH, HOWARD & HULL
619 SW Higgins Ave.
Missoula, MT 59803

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy